UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Stephen Miner

    v.                                              05-cv-075-PB

Hillsborough County Department
of Corrections, Medical Department Staff

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 1983, plaintiff has again sued the Hillsborough County Department of Corrections and the staff of its Medical Department.  Construed liberally, the complaint alleges claims for denial of medical and dental care under the Eighth Amendment, denial of access to the courts under the First and/or Fourteenth Amendments, and due process violations under the Fourteenth Amendment arising from his administrative segregation.  In addition, he alleges that he has been discriminated against on the basis of disability in violation of Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq.

The claims are identical to those alleged in Miner v. Hillsborough County Department of Corrections, et al., 05-cv-054-JD.  In that case I concluded that plaintiff stated the following

cognizable claims against O'Mara, Superintendent of the HCDOC: (1) denial of adequate medical care, including the denial of prescribed medications with regard to plaintiff's chronic pain and seizure conditions, in violation of the Eighth Amendment; (2) denial of access to the courts in violation of the First and Fourteenth Amendments; and denial of due process in violation of the Fourteenth Amendment arising from plaintiff's administrative segregation.  I further found that plaintiff alleged a discrimination claim on the basis of disability in violation of the ADA.  My Report and Recommendation was approved on April 26, 2005 (attached).  In a subsequent Report and Recommendation, I recommended dismissal of plaintiff's request for permanent injunctive relief in which he raised Eighth Amendment claims premised on the denial of dental care, prescription glasses and prescription medications.  My Report and Recommendation was approved on June 3, 2005 (attached).

For the reasons stated above, plaintiff's claims are barred under the doctrine of *res judicata*.  See Carcieri v. Norton, 398 F.3d 22, 38 (1st Cir. 2005)(holding that "the doctrine of *res judicata* operates to bar the relitigation of issues that were or could have been raised in an earlier action between the same

parties prescinding from the same set of operative facts.") Accordingly, I recommend that the claims be dismissed.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: June 6, 2005
cc:   Stephen Miner, *pro se*